IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50079
Conference Calendar

_____

RHONDA FLEMING,

                                        Plaintiff-Appellant,

versus

SYLVIA NANCE, Assistant Warden;
WAYNE SCOTT, Director,
Texas Department of Criminal Justice,
Institutional Division;
UNIVERSITY OF TEXAS, Medical Branch,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-97-CV-409
- - - - - - - - - -
August 24, 2000

Before KING, Chief Judge, and POLITZ and WIENER, Circuit Judges.

PER CURIAM:[*]

Rhonda Fleming, Texas prisoner #598829, seeks leave to proceed in forma pauperis (IFP) in the appeal from the dismissal of her civil rights complaint for failure to state a claim. By moving for IFP, Fleming is challenging the district court's certification that IFP status should not be granted on appeal because her appeal is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court concluded that the gravamen of Fleming's complaint was that she did not receive the care she believed she was entitled to receive. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997)("Disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs."). Fleming offers no supporting factual or legal argument for her contention that the defendants acted with deliberate indifference to her serious medical needs. Her failure to identify any error in the district court's legal analysis or its application to her lawsuit "is the same as if [she] had not appealed that judgment." Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Because Fleming fails to show that she will raise a nonfrivolous issue on appeal, her motion to proceed IFP is DENIED. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. 5TH CIR. R. 42.2. The district court's dismissal of the present case and this court's dismissal of Fleming's appeal count as two strikes against her for purposes of 28 U.S.C. § 1915(g). We caution Fleming that once she accumulates three strikes, she may not proceed IFP in any civil action or appeal filed while she is incarcerated or detained in any facility unless she is under imminent danger of serious physical injury. See § 1915(g).

IFP DENIED; APPEAL DISMISSED; WARNING ISSUED.