IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-21026
Conference Calendar
_____

RUSSELL EUGENE GALER, II,

Plaintiff-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CV-2742
--------------------
April 12, 2001

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:[*]

Russell Eugene Galer II, Texas prisoner #315395, seeks leave to proceed in forma pauperis (IFP) on appeal following the district court's certification that his appeal is taken in bad faith. Galer's request for appointment of counsel on appeal is DENIED.

Galer argues that it is fundamentally unfair to require indigent prisoners to pay filing fees. Galer did not raise his argument in the district court. We do not consider Galer's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contention. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997)(a litigant's request "must be directed solely to the trial court's reasons for the certification decision.") Moreover, an IFP motion following a bad-faith certification triggers the financial screening and assessment provisions of the Prison Litigation Reform Act (PLRA). *Id*. Galer's contention therefore is unavailing on its merits.

Galer has abandoned any substantive challenge to the dismissal of his action as frivolous by failing to brief any such challenge. *In re Municipal Bond Reporting Antitrust Litigation*, 672 F.2d 436, 439 n.6 (5th Cir. 1982). Galer's appeal is dismissed as frivolous. 5TH CIR. R. 42.2.

Galer previously has had one action dismissed by the district court as frivolous. *Galer v. Texas*, No. H-99-CV-1448 (S.D. Tex. Mar. 23, 2000). He has had one action dismissed by the district court for failure to state a claim; his appeal from that dismissal was dismissed as frivolous. *Galer v. Johnson*, No. 00-50021 (5th Cir. Dec. 13, 2000)(unpublished). He has had another appeal dismissed as frivolous by this court. *Galer v. Johnson*, No. 00-50904 (5th Cir. Dec. 13, 2000)(unpublished). Galer thus already has four strikes for purposes of 28 U.S.C. § 1915(g), which limits a litigant's ability to proceed IFP in civil actions and appeals in federal courts following attainment of three-strike status. The dismissal of Galer's action as frivolous in the instant case and the dismissal of Galer's appeal count as two more strikes, bringing Galer's total to six.

Galer achieved three-strike status on December 13, 2000. Galer is not precluded from proceeding IFP under 28 U.S.C. § 1915(g) in the current case because he filed his notice of appeal, the district court issued the bad-faith certification, and Galer mailed his IFP motion before he achieved three-strike status. Galer is admonished that he achieved three-strike status on December 13, 2000, and that he may not proceed IFP in any civil action or appeal brought after December 13, 2000, unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

IFP MOTION DENIED; APPOINTMENT OF COUNSEL DENIED; APPEAL DISMISSED, 5TH CIR. R. 42.2; SANCTIONS NOTIFICATION ISSUED.