**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 3, 2009

Charles R. Fulbruge III
Clerk

No. 07-50779
Summary Calendar

ROBERTA LYNN MARTIN

Plaintiff-Appellant

v.

SAN ANTONIO POLICE DEPARTMENT; NORMA WOODS, Badge #0899;
LEROY CARRION, Badge #0170; JIM WILLINGHAM, Badge #0688;
EDUARDO RODRIGUEZ, SR, Badge #1567; CITY OF SAN ANTONIO

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:05-CV-20

Before DAVIS, GARZA and PRADO, Circuit Judges.

PER CURIAM:*

After a jury trial and a verdict in favor of the defendants, judgment was entered dismissing the civil rights complaint of Roberta Lynn Martin. The district court denied Martin's motion to proceed in forma pauperis (IFP) on appeal, finding that her appeal was not taken in good faith under 28 U.S.C. § 1915(a)(3). The district court also denied Martin's motion for transcripts at

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

government expense. Martin has filed three motions with this court: to proceed IFP on appeal, for transcripts at government expense, and for appointment of appellate counsel. In her IFP motion, Martin argues that (1) the defendants perjured themselves during the trial, (2) the City of San Antonio was not entitled to summary judgment, (3) the defendants' internal affairs files should have been admitted as evidence, and (4) the district court clearly erred in overruling her challenge pursuant to *Batson v. Kentucky*, 476 U.S. 79 (1986).

"Under 28 U.S.C. § 1915(a), a federal court may refuse to certify an appeal for in forma pauperis status if it is not taken in good faith." *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Martin's IFP motion is construed as a challenge of the certification decision. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). The court's inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Id.* at 220 (quotation marks omitted). Martin has failed to show that the district court erred in concluding that her appeal was not taken in good faith.

The motion for leave to proceed IFP on appeal is denied. Because Martin's appeal is without arguable merit, *see Howard*, 707 F.2d at 219-20 (5th Cir. 1983), it is dismissed as frivolous. *See* 5TH CIR. R. 42.2. Martin's motions for transcripts at government expense and for appointment of appellate counsel are likewise denied.

IFP DENIED; APPOINTMENT OF COUNSEL DENIED; TRANSCRIPTS AT GOVERNMENT EXPENSE DENIED; APPEAL DISMISSED.