**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 5, 2009

Charles R. Fulbruge III
Clerk

No. 08-30845
Summary Calendar

KEITH BREWER,

Plaintiff-Appellant,

versus

CRIS PRIER,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
No. 1:03-CV-451

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Keith Brewer, Louisiana prisoner # 168208, filed a *pro se* civil rights com-
plaint pursuant to 42 U.S.C. § 1983, alleging that Cris Prier, an Avoyelles Parish

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

police officer, used excessive force against him on August 3, 2002, while he was incarcerated in the Avoyelles Parish Jail. Brewer also alleged that the former sheriff, William Belt, failed to respond properly to the incident.

At the close of Brewer's case in the bench trial, the district court granted the defendants' motion to dismiss Brewer's claims against Belt. The court concluded that Brewer had failed to prove that he suffered more than a *de minimis* injury and had failed to demonstrate that the use of force was clearly excessive or was clearly unreasonable. The court dismissed the § 1983 action with prejudice and denied Brewer leave to proceed *in forma pauperis* ("IFP") on appeal.

Brewer moves to proceed IFP in this court. By doing so, he is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(c)(3); FED. R. APP. P. 24(a). He does not challenge the dismissal of his claims against Belt, so those claims are abandoned. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Instead, Brewer contends that the evidence supports his contention that Prier used excessive force that resulted in injury.

To prevail on a claim of excessive force, Brewer must establish that the force was not applied in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm, and that he suffered injury. *Hudson v. McMillian,* 503 U.S. 1, 6-7 (1992). Factors relevant to that inquiry include the following non-exclusive list: (1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) efforts made to temper the severity of a forceful response. *Baldwin v. Stalder,* 137 F.3d 836, 838-39 (5th Cir. 1998).

The evidence demonstrates that Prier tried to obtain Brewer's compliance through non-forceful means, but Brewer's continued noncompliance made the use of force necessary. Further, the application of that force was not clearly excessive to the need to restore discipline such that it constituted a constitutional

2

violation.  *See id.* at 838-39; *Hudson,* 503 U.S. at 6-7.  Thus, even if Prier could demonstrate a more than *de minimis* injury, he has failed to show a constitutional violation.

Brewer has not established that he will present a nonfrivolous issue on appeal.  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  Accordingly, leave to proceed IFP is denied, and the appeal is dismissed as frivolous.  *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.