**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 30, 2009

Charles R. Fulbruge III
Clerk

No. 08-50883
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSEPH RAYMOND SHANKS

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:05-CR-33-4

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Joseph Raymond Shanks, federal prisoner # 56151-180, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal. The district court denied Shanks's IFP motion and certified that the appeal was not taken in good faith. By moving for IFP status, Shanks is challenging the district court's certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Aside from conclusional allegations, Shanks does not challenge the district court's determination that he failed to present an arguable or nonfrivolous issue for appeal. Further, Shanks does not address the district court's determination that because his criminal judgment was entered nearly three years prior to his filing the motion for the appointment of counsel, any 28 U.S.C. § 2255 motion would be time barred. Therefore, these issues are deemed abandoned. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Shanks has not shown that the district court's certification was incorrect. The instant appeal is without arguable merit and is thus frivolous. Accordingly, Shanks's IFP motion is denied, and his appeal is dismissed as frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous counts as one strike under 28 U.S.C. § 1915(g). Shanks is cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.