**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 30, 2009

Charles R. Fulbruge III
Clerk

No. 09-10391
Summary Calendar

WAI LEUNG CHU,

Petitioner-Appellant

v.

UNITED STATES OF AMERICA,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:09-MC-10

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Wai Leung Chu, federal prisoner # 20645-122, seeks to proceed in forma pauperis (IFP) on appeal from the denial of his motion to produce. In his motion, Chu contended that because he was "a person held in custody for violating probation or supervised release," FED. R. CRIM. P. 32.1(a)(1) required that he be brought before a magistrate judge for an initial appearance hearing.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Chu's IFP motion is construed as a challenge to the district court's determination that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted). If the appeal is frivolous, we may dismiss it sua sponte under 5TH CIR. R. 42.2. *See Baugh*, 117 F.3d at 202 n.24.

Rule 32.1(a)(1) provides that "[a] person held in custody for violating probation or supervised release must be taken without unnecessary delay before a magistrate judge." Chu was not entitled to a Rule 32.1 initial appearance hearing because Chu is not in federal custody because he violated the terms of his supervised release. *See* Rule 32.1(a)(1). Rather, he is in federal custody pursuant to his federal convictions for smuggling and trafficking. The plain language of Rule 32.1(a)(1) requires that the person be "in custody for violating probation or supervised release."

Chu has not demonstrated that he will raise a nonfrivolous issue on appeal. *See Howard*, 707 F.2d at 219-20. Accordingly, Chu's motion to proceed IFP is denied. *See Baugh*, 117 F.3d at 202 n.24. Because his appeal is frivolous, *see Howard*, 707 F.2d at 219-20, the appeal is dismissed. *See* 5TH CIR. R. 42.2.

IFP DENIED; APPEAL DISMISSED.