**REVISED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 96-40908

ROBERT L. BAUGH,

Plaintiff-Appellant,

versus

JOE MAX TAYLOR; ERIC NEVELOW;
PERRY EVANS,

Defendants-Appellees.

Appeal from the United States District Court
For the Southern District of Texas

June 30, 1997

Before POLITZ, Chief Judge, DeMOSS, Circuit Judge, and DOHERTY,[*] District Judge.

POLITZ, Chief Judge:

Robert Baugh, a Texas prisoner, appeals the dismissal of his 42 U.S.C. § 1983 claims for various alleged unconstitutional conditions of confinement. His appeal, like so many recent prisoner cases, raises an issue of first impression under

District Judge of the Western District of Louisiana, sitting by designation.

the Prison Litigation Reform Act (PLRA). For the reasons assigned we remand to the district court in order that it may supplement its prior certification that the appeal was not taken in good faith, or recall and revise same, or otherwise proceed herein as it deems appropriate.

## Background

Baugh and several other Texas state prisoners were inmates in the Galveston County Jail when they sued local jail officials for alleged unconstitutional failure to protect them from attacks by fellow inmates; deliberate indifference to serious medical needs; unanswered grievances; and other alleged unconstitutional conditions of confinement. The district court granted Baugh leave to proceed *in forma pauperis* (IFP).[1]

Thereafter, the district court referred the case to a magistrate judge who directed Baugh to respond to interrogatories designed to elicit detailed information about his claims. After receiving Baugh's answers, the magistrate judge recommended dismissal of his claims as frivolous. The district court agreed and dismissed Baugh's case with prejudice. Baugh filed a timely notice of appeal and a motion for leave to proceed on appeal IFP. The district court denied the motion

---

[1] At some point, the district court dismissed the other plaintiffs' claims; they are not parties on appeal.

2

to proceed IFP and certified that the appeal was not taken in good faith, citing Fed.R.App.P. 24(a). No reasons beyond those contained in the dismissal ruling were given.

In response to Baugh's motion to proceed IFP in this court we ordered that his appeal be held in abeyance either pending payment of the filing fee or the filing of an affidavit to proceed IFP that complied with the PLRA. Baugh has complied with that order. We must now determine whether he is entitled to proceed IFP on appeal, and more specifically, the proper application of Fed.R.App.P. 24(a) herein in light of the PLRA.

Analysis

Baugh maintains that under Rule 24 the district court was required to give written reasons for certifying that his appeal was not taken in good faith. Two recent decisions, **Jackson v. Stinnett**[2] and **Strickland v. Rankin County Correctional Facility**,[3] have held that 28 U.S.C. § 1915, which the PLRA extensively amended, repeals portions of Rule 24.

Our colleagues in the Sixth Circuit addressed the specific question now

---

102 F.3d 132 (5th Cir. 1996).

105 F.3d 972 (5th Cir. 1997).

3

before us in **Floyd v. United Postal Service**.[4] Chief Judge Martin's collation of

PLRA developments explicates that decision,[5] as does his more recent opinion in

**McGore v. Wrigglesworth**.[6]

A close read of **Floyd** reflects that it reaches two conclusions: (1) conditional

phrases in section 1915(a) and (b) create a prisoner/nonprisoner dichotomy between

the various parts of subsection (a); and (2) subsection (a)(3), which it concludes

applies only to nonprisoners, poses an absolute bar to IFP appeals and hence

impliedly repeals part of Rule 24(a). We cannot accept either conclusion.

A.     A Prisoner/Nonprisoner Dichotomy in 28 U.S.C. § 1915(a)

The linchpin of the first of the foregoing conclusions is that the phrases

"Notwithstanding subsection (a)" and "Subject to subsection (b)" found in section

1915 make subsections (a)(3) and (b)(1) mutually exclusive. We are not so

persuaded for several reasons.

First, section 1915(a)(1) provides that "any court . . . may authorize the

commencement, prosecution or defense of any suit, . . . or appeal therein, without

the prepayment of fees or security therefor." We hold that the phrase "Subject to

---

105 F.3d 274 (6th Cir. 1997).

**In re Prison Litig.Reform Act**, 105 F.3d 1131 (6th Cir. 1997).

No. 97-1165, 1997 WL 309600 (6th Cir. June 11, 1997).

4

subsection (b)" that precedes this authorization was meant merely to clarify that prisoners initiating a civil suit or appeal[7] are required to pay the "full amount of a filing fee."[8] Reciprocally, subsection (b)(1)'s phrase, "Notwithstanding subsection (a)," forecloses the possibility that prisoners could seize upon subsection (a)(1)'s language authorizing the commencement of suits and appeals "without the prepayment of fees." These two phrases do nothing more.

Second, we find no mandated conflict between (a)(3) and (b)(1). Subsection (a)(3) states that an appeal may not be taken IFP if the district court certifies in writing that the appeal is not taken in good faith. That a prisoner in such a setting is required to pay the full filing fee, regardless of his IFP status, does not mean that (a)(3)'s sanction has no application to prisoner litigation. Once the district court certifies that an IFP appeal is not taken in good faith, prisoners, like nonprisoners, cannot appeal[9] unless prepared to pay the full filing fee, deposits, and other costs. The assessment procedures in the reconstituted section 1915(b) are not applicable

---

The statute is ambiguous as to whether only civil appeals are covered or both civil and criminal appeals are. Compare §§ 1915(a)(2) and (b)(1) with § 1915(b)(4).

28 U.S.C. § 1915(b)(1).

Whether an IFP appellant can challenge the trial court's determination that his appeal was not taken in good faith will be addressed below.

5

to <u>all</u> prisoner litigation, only <u>IFP</u> prisoner litigation.[10] A prisoner litigant who has been denied IFP status for appeal, or whose appeal has been certified as taken in bad faith, must pay the full filing fee and other costs when due, without the benefit of the accommodating assessment procedures found in section 1915(b).

Finally, we cannot accept our sister circuit colleague's analysis on the interplay between subsections (a) and (b) of section 1915, convinced that such frustrates the goals of the PLRA, namely the curbing of frivolous prisoner litigation and the preservation of our limited appellate resources. Under the **Floyd** model, district courts may end a nonprisoner IFP appeal in the traditional manner, by certifying that the appeal is not taken in good faith, but may no longer do the same for prisoner appeals. We conclude otherwise and hold that the district courts retain the discretion to certify under section 1915(a)(3) that IFP appeals, from prisoners and nonprisoners alike, are not taken in good faith.

B.    Whether § 1915(a)(3) Repeals Rule 24(a)

Finally, we must determine whether section 1915(a)(3) implicitly repealed portions of Rule 24(a). Nothing in the PLRA expressly repeals Rule 24 and the legislative history is silent; we therefore are constrained to proceed cautiously,

_____

28 U.S.C. § 1915(b)(1).

noting that "[r]epeals by implication are not favored."[11] Every effort to harmonize the competing statutes must be made.

Two of our recent decisions have held that section 1915 impliedly repealed portions of Rule 24. Neither case, however, controls the issue before us today. In **Jackson v. Stinnett**, an IFP prisoner's section 1983 suit, filed before the effective date of the PLRA, was dismissed as frivolous after its effective date. The trial court did not certify that the appeal was taken in bad faith, so the prisoner, following the letter of Rule 24, did not reapply with the court of appeals for permission to proceed IFP. Under Rule 24(a), the prisoner, who had been permitted to proceed IFP at trial, was allowed to "proceed without further application to the court of appeals and without prepayment of fees or costs in either court or the giving of security therefor,"[12] the "carryover" provision. The **Jackson** court, noting that the appeal was filed after the effective date of the PLRA, held that the PLRA overruled Rule 24 to the extent that it allowed the prisoner to rely on a pre-PLRA certification of IFP status. Rule 24's carryover provision could not apply because the pre-PLRA IFP requirements did not meet the heightened PLRA standards. **Jackson** also held that the PLRA expressly required the payment of filing fees by

---

**Crawford Fitting Co. v. J.T. Gibbons, Inc.**, 482 U.S. 437, 442 (1987).

Fed.R.App.P. 24(a).

prisoner IFP appellants,[13] and thus that Rule 24's exemption for the payment of such fees no longer applied.

In **Strickland v. Rankin County Correctional Facility**, decided a month later, a prisoner's IFP appeal was pending before the effective date of the PLRA. Like the prisoner in **Jackson**, Strickland arguably had carryover IFP status under Rule 24. Expanding on **Jackson**, the **Strickland** court held that IFP appeals docketed before the effective date of the PLRA were subject to the PLRA's heightened IFP standards, as well as the mandatory filing fees of section 1915(b).[14] Strickland was therefore required to reapply for IFP status and pay the appellate filing fees and could not rely on Rule 24.[15]

Unlike the **Jackson** and **Strickland** cases, the instant appeal does not involve provisions of section 1915 that conflict with Rule 24. The perceived conflict noted in **Floyd** is that section 1915(a)(3) does not permit an appeal to proceed IFP if the appeal is not taken in good faith, whereas Rule 24(a) allows an IFP appellant to apply to the courts of appeals for IFP status within 30 days of such a certification.

---

**Jackson** (citing 28 U.S.C. § 1915(b)).

**Strickland**.

The rule of these two cases has since been expanded further to cover all prisoner IFP litigation, whether or not the prisoner initially attained IFP status in the district court after the PLRA's effective date. See **Morgan v. Haro**, 112 F.3d 788 (5th Cir. 1997).

Although we agree with the **Floyd** court that these provisions appear to be in conflict, a close examination of the historical context of section 1915(a)(3) persuades otherwise.

More than half a century before the PLRA, 28 U.S.C. § 1915(a) stated, as it does today, that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." Relevant provisions in Rule 24(a) were adopted in 1967 to spell out the procedural implementation of 28 U.S.C. § 1915. The PLRA merely moved this provision from subsection (a) of section 1915 to subsection (a)(3). We do not view this relocation as evidence of congressional intent to abrogate procedures in Rule 24 that have coexisted peacefully for three decades with the identical provision.[16]

Despite this longevity, we find no dispositive ruling identifying the procedural mechanism by which IFP appellants, whose appeals have been certified as not taken in good faith, could challenge such a certification. As early as 1957, the Supreme Court held that in the criminal context, "[s]uch certification is not final in the sense that the convicted defendant is barred from showing that it was unwarranted and that an appeal should be allowed."[17] Subsequent cases reviewed

---

We find no hint of such intent in the legislative history of the PLRA.

**Johnson v. United States**, 352 U.S. 565 (1957).

certification decisions in the civil context as well.[18]  Absent clear congressional

intent to overrule this precedent, we inexorably must hold that the district court's

certification that an appeal is not taken in good faith is subject to our review.[19]

We must now focus on the implementing procedure.  Ostensibly in response

to the Supreme Court's mandate that certification decisions under section 1915

were appealable, Fed.R.App.P. 24(a), when adopted in 1967, provided that if the

trial court certified that the appeal was not taken in good faith, the would-be IFP

appellant could petition the court of appeals for leave to proceed IFP on appeal.

The Advisory Notes to Rule 24 explain:

> The final paragraph establishes a subsequent motion in the court of
> appeals, rather than an appeal from the order of denial or from the
> certification of lack of good faith, as the proper procedure for calling
> in question the correctness of the action of the district court.  The
> simple and expeditious motion procedure seems clearly preferable to
> an appeal.  This paragraph applies only to applications for leave to
> appeal in forma pauperis.  The order of a district court refusing leave
> to initiate an action in the district court in forma pauperis is reviewable
> on appeal.  See **Roberts v. United States District Court**, 339 U.S. 844,

See, e.g., **Cruz v. Hauck**, 404 U.S. 59 (1971) (suggesting that even in the civil context the constitutional right to court access and due process require an appellate court to review *de novo* a trial court's certification that an IFP appeal is not taken in good faith) (Douglas, J., concurring); **Payne v. Lynaugh**, 843 F.2d 177 (5th Cir. 1988); **Jackson v. Dallas Police Dep't**, 811 F.2d 260 (5th Cir. 1986); **Wright v. Dallas County Sheriff Dep't**, 660 F.2d 623 (5th Cir. 1981).

But see **McGore** at 11 (holding that "[s]uch a challenge . . . does not exist for a prisoner").

70 S.Ct. 954, 94 L.Ed. 1326 (1950).

We are mindful that occasionally we have blurred the distinction between motions to proceed IFP and appeals on the merits.[20] In defense of those rulings we observe that the posture of those cases warranted such treatment. Usually, a district court certified that an appeal was not taken in good faith when the underlying claims of the IFP plaintiff were entirely frivolous and had no possibility of success. The merits of the suit were thus inextricably intertwined with the certification decision. Legitimate values, such as concerns for judicial economy and prudence, justified the melding of the decisions.

In other situations, a motion for leave to proceed IFP on appeal would be more efficient than combining it with an appeal on the merits. Examples would include attempted appeals of interlocutory discovery orders, summary judgments, and various other unappealable orders or rulings that are not unusual in *pro se* settings.

From this vantage point we now hold that (1) a district court may certify that an IFP appeal is not taken in good faith under section 1915(a)(3) and Rule 24(a); (2) if the trial court does so, it is required under Rule 24(a) to set forth in writing

---

See cases cited supra n.18.

11

the reasons for its certification;[21] and (3) within the time prescribed by Rule 4, the appellant either may pay the full filing fee and any relevant costs and proceed on appeal for plenary review, or contest the certification decision by filing a motion for leave to proceed IFP with the court of appeals. If the latter be done and the appellate IFP certification is secured, the motion therefor shall be deemed to be a timely notice of appeal. When the prisoner opts to challenge the certification decision, the motion must be directed solely to the trial court's reasons for the certification decision. The said motion and deemed notice of appeal shall be a filing for purposes of the PLRA and will trigger the financial screening and assessment procedures thereof.[22]

If we find error in the trial court's certification that the appeal was not taken in good faith, we shall order briefing on the merits of the appeal.[23] Having so ruled we remind that if in reversing the trial court in cases where the merits are so

---

To comply with Rule 24 in this regard, it often may suffice for the district court to incorporate by reference its decision dismissing the prisoner's complaint on the merits with or without supplementation, as the trial court deems appropriate, to fully apprise us of the reasons for its certification.

Upon notification that the prisoner has filed a motion challenging the certification decision, the district court shall enter an appropriate order under 28 U.S.C. § 1915(b) assessing the initial partial filing fee and ordering payment of the remainder of the filing fee as directed by the PLRA. After this order is entered, appellate review will commence. See **Morgan**.

No additional filing fees or assessments will be required for our review on the merits.

intertwined with the certification decision as to constitute the same issue, the prior expedient practice of determining the merits of the appeal as well as the appropriateness of IFP status will remain an available appellate disposition.

In instances in which we uphold the trial court's determination that the appeal is not taken in good faith and the prisoner persists in taking an appeal on the merits, payment of the full appellate filing fees and costs, less what has already been collected, must be made within 30 days or the appeal will be dismissed for want of prosecution.[24]

Applying the foregoing to Baugh's appeal, and viewing the magistrate judge's report and recommendations adopted by the district court as the reasons for the certification, we cannot fully resolve the matter before us. The record is devoid of findings on two issues: (1) Baugh's claim that due to severe overcrowding conditions and ignored grievances pertaining thereto, he contracted tuberculosis; and (2) Baugh's potential due process complaint regarding entitlement to procedures provided in the Galveston County Jail handbook. We must, therefore, remand to the district court for findings on these issues and, in accordance with **Morgan**, to conduct any applicable financial screening and assessment procedures

---

Of course, nothing prevents the appellate court from *sua sponte* dismissing the case on the merits pursuant to 5TH CIR. R. 42.2 when it is apparent that an appeal would be meritless.

13

required under the PLRA.

REMANDED for further proceedings consistent herewith.