IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20005
Conference Calendar

_____


DONALD RAY HOWARD,

                                        Plaintiff-Appellant,

versus

S.K. KENNEDY,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-95-CV-3680
--------------------
December 13, 2000

Before DAVIS, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

     Donald Ray Howard, Texas prisoner # 552132, has filed an
application for leave to proceed *in forma pauperis* (IFP) on
appeal, following the district court's denial of relief on his
civil rights complaint after a bench trial.  By moving for IFP,
Howard is challenging the district court's certification that IFP
status should not be granted on appeal because his appeal is not
taken in good faith.  See Baugh v. Taylor, 117 F.3d 197, 202 (5th
Cir. 1997).

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

The majority of Howard's IFP motion constitutes a review of the Prison Litigation Reform Act and its effects on prisoners proceeding IFP. Although Howard contends that this court must allow him to proceed IFP if it certifies that his appeal is taken in good faith, he does not argue any issues to show that his appeal is taken in good faith. He does, however, list three issues that he apparently intends to raise on appeal. He first asserts that disputed issues of material fact exist about defendant Kennedy's use of excessive force against Howard. The case went to trial, and the court resolved all disputed issues in favor of Kennedy. To the extent Howard wishes to challenge the court's credibility findings, they will not be reviewed on appeal. See Martin v. Thomas, 973 F.2d 449, 453 n.3 (5th Cir. 1992).

Howard also contends that he was unable to present his case because Kennedy failed to provide him with a copy of the pretrial order within the time set forth by the district court. He has failed to provide any evidence that he was prevented from presenting testimony or evidence as a result of the lack of a joint pretrial order. Howard also contends that the district court improperly failed to sanction Kennedy for this error. Although FED. R. CIV. P. 16(f) permits sanctions for failing to obey a scheduling or pretrial order, sanctions should be imposed only if the noncompliance was not substantially justified. Kennedy's attorney admitted that he sent the wrong document to Howard originally and that this error was unintentional. Howard has not disputed this statement. Kennedy's attorney also offered

to agree to a continuance so that Howard would have time to respond, but Howard refused a continuance.  Under these circumstances, Howard has failed to show that the district court's failure to impose sanctions for failing to send the joint pretrial order in a timely manner was error.  Howard's appeal is without arguable merit and is thus frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).

Accordingly, we uphold the district court's order certifying that the appeal is not taken in good faith and denying Howard IFP status on appeal, we deny the motion for leave to proceed IFP, and we DISMISS Howard's appeal as frivolous.  See Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

APPEAL DISMISSED.