IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-31307
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ROBERT DIXON,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 99-CR-188-N
--------------------
June 20, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.,

PER CURIAM:[*]

     Robert Dixon seeks to appeal the denial of his FED. R. CRIM.
P. 12(b)(2) motion in forma pauperis (IFP) and, therefore,
challenges the district court's certification that his appeal is
not taken in good faith.  Our inquiry "is limited to whether the
appeal involves `legal points arguable on their merits (and
therefore not frivolous).'"  Howard v. King, 707 F.2d 215, 220
(5th Cir. 1983)(citation omitted).

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Dixon argues that the district court improperly denied his motion to reconsider his Rule 12(b)(2) motion because under the "mailbox" rule his motion was timely. He also argues that his Rule 12(b)(2) motion was timely because his 28 U.S.C. § 2255 motion was pending. Dixon further contends that due to ineffective assistance of counsel the court should find his claim was not waived under FED. R. CRIM. P. 12(f). In his reply brief, Dixon asks if this court can reinstate his prior out-of-time notice of appeal.

Dixon's appeal does not involve legal points arguable on the merits. First, Dixon misunderstands the ruling that he has appealed. The district court did consider the merits.

In United States v. Cotton, 122 S. Ct. 1781 (2002), the Supreme Court considered a challenge to the indictment based on Apprendi v. New Jersey, 530 U.S. 466 (2000), raised on direct appeal. The Supreme Court held that a defective indictment does not deprive a court of jurisdiction and overruled prior law to the contrary. Cotton, 122 S. Ct. at 1785. Consequently, Rule 12(b)(2)'s provision that defenses and objections based on the indictment's failure to show jurisdiction or to charge an offense "shall be noticed by the court at any time during the pendency of the proceedings" is meaningless where the defendant argues that the indictment was defective.

This court does not reach Dixon's request that it "reinstate" his attempt to file an out-of-time appeal because it

was raised for the first time in Dixon's reply brief.  See <u>Cinel</u>
<u>v. Connick</u>, 15 F.3d 1338, 1345 (5th Cir. 1994).

Thus, Dixon's appeal does not raise any legal point arguable
on its merits.  See <u>Howard</u>, 707 F.2d at 220.  Accordingly, the
motion to proceed IFP is DENIED and the appeal is DISMISSED as
frivolous pursuant to 5TH CIR. R. 42.2; <u>Baugh v. Taylor</u>, 117 F.3d
197, 202 n.24 (5th Cir. 1997).

MOTION DENIED; APPEAL DISMISSED AS FRIVOLOUS.