United States Court of Appeals
Fifth Circuit

**F I L E D**

August 21, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-41540
Conference Calendar

WESLEY RAY ROGERS

Plaintiff-Appellant

v.

JOHN ROACH, Collin County District Attorney; JESSIE ALLEN, Assistant
District Attorney; FNU BREY, Assistant District Attorney; JUDGE BETTY
CATON, Judge

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:06-CV-95

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Wesley Ray Rogers, Texas prisoner # 1363214, moves this court for
permission to appeal in forma pauperis (IFP) from the dismissal of a civil rights
complaint alleging that Rogers's conviction for driving while intoxicated was the
result of prosecutorial misconduct and judicial bias. Rogers moves for
appointment of appellate counsel, and he requests that this court hold the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

appeal in abeyance. Appellees Roach, Allen, and Brey have moved to strike Rogers's motion and brief, to dismiss the appeal, and for entry of an award of attorneys fees.

The district court denied Rogers's IFP motion and certified that the appeal was not taken in good faith. By moving for IFP, Rogers is challenging the district court's certification. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997). Rogers argues that the district court failed to recognize that his conviction violated the Fifth Amendment; that the defendants "hoodwinked" the district court by misrepresenting Rogers's claims; and that the denial of IFP will cause Rogers to suffer extreme financial hardship.

Rogers has not shown that the district court erred in determining that his appeal would be frivolous. He has failed to brief a challenge to the basis for the district court's denial of IFP, and any such argument is not preserved. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). The instant appeal is without arguable merit and is thus frivolous. Accordingly, Rogers's motions to proceed IFP on appeal and for appointment of counsel are denied, his motion to hold the appeal in abeyance is denied as moot, the appellees' motion to dismiss the appeal is denied as moot, and the appeal is dismissed. See Howard v. King, 707 F.2d 215, 219-220 (5th Cir. 1983); 5TH CIR. R. 42.2. The appellees' motion to strike is denied as moot and their motion for attorneys fees is denied.

The district court's dismissal of Rogers's complaint and this court's dismissal of his appeal count as two strikes under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). Rogers also accumulated a strike in Rogers v. Young, No. 3:95-CV-524 (N.D. Tex. Apr. 26, 1995). As Rogers has now accumulated at least three strikes, he is barred from proceeding IFP pursuant to § 1915 while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

IFP DENIED; APPEAL DISMISSED; ALL OTHER MOTIONS DENIED; 28 U.S.C. § 1915(g) BAR IMPOSED.