IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 19, 2008

Charles R. Fulbruge III
Clerk

No. 07-11217
Conference Calendar

WILLIAM KELLY, JR

                         Plaintiff-Appellant

v.

CITY OF DALLAS; CITY COMMISSIONER'S COURT; JASON LE CARTER,
Sued individually and in official capacity; CRAIG MARTIN REDDEN, Sued
individually and in official capacity; JOHN E LARSEN, Sued individually and
in official capacity; DALLAS COUNTY; DALLAS COUNTY COMMISSIONERS
COURT; LUPE VALDEZ, Dallas County Sheriff sued individually and in official
capacity; MALLYIS MAULDIN, Dallas Medical Dr. sued individually and in
official capacity; UNKNOWN NURSES; DAVID M KUNKLE, Dallas City Police
Chief sued individually and in official capacity; SHERIFF DEPUTIES OF
DALLAS COUNTY JAIL, Sued individually and in official capacity

                         Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CV-1510

Before GARZA, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

William Kelly, Jr. Texas prisoner # 559442, moves this court to proceed in forma pauperis (IFP) on appeal from the district court's dismissal of his 42 U.S.C. § 1983 complaint. The district court dismissed the complaint as barred by the applicable statute of limitations. The district court also denied Kelly's request to proceed IFP on appeal, certifying that the appeal was not taken in good faith.

Kelly's IFP motion is a challenge to the district court's certification that his appeal is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997). However, Kelly does not address the district court's reasons for dismissing his § 1983 complaint. Because he fails to identify any error in the district court's analysis, any such argument is abandoned. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Kelly has not shown that he will present a nonfrivolous issue on appeal. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the motion for leave to proceed IFP is denied, and the appeal is dismissed as frivolous. See Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

Both the district court's dismissal of the complaint and this court's dismissal of the appeal count as strikes under 28 U.S.C. § 1915(g). Kelly has one previous strike. See Kelly v. Dallas Co. Sheriffs and Medical Dep't, No. 3:95-CV-0062-P (N.D. Tex. May 28, 1996). Because Kelly has accumulated three strikes, he is barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.