# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 16, 2009

Charles R. Fulbruge III
Clerk

No. 09-10326
Summary Calendar

ALLEN DEWAYNE BATES,

Plaintiff-Appellant

v.

BEVERLY BARNICE PRATT, Administrator at Lakeridge Nursing Home;
LARRY BARNHILL, Lubbock Police Department Officer; RICK RUBLE; TERRI
RUBLE; THE CITY OF LUBBOCK,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:08-CV-94

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Allen Dewayne Bates, Texas prisoner # 24958, moves this court to proceed
in forma pauperis (IFP) in this appeal from the district court's dismissal of his
42 U.S.C. § 1983 complaint. Bates's claims of unlawful arrest and search
against Officer Barnhill were dismissed because there was probable cause to
arrest and search Bates. Bates's claims against Pratt and the Rubles were

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

dismissed because they were not state actors. The court further determined that Bates failed to state a claim against the City of Lubbock for inadequate training because he did not show actual injury. The district court denied Bates's request to proceed IFP on appeal, certifying that the appeal was not taken in good faith. Bates's IFP motion is a challenge to the district court's certification that his appeal is not taken in good faith. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Bates argues only that he would have disputed the existence of the video footage and still photos discussed at the evidentiary hearing, which purportedly depicted him stealing a purse. Bates does not dispute that defendant Pratt reported a theft perpetrated by Bates or that the items stolen were found in his possession. Because there was probable cause, Bates does not show that his arrest and search were unlawful. *See Parm v. Shumate,* 513 F.3d 135, 142 (5th Cir. 2007); *United States v. Green*, 324 F.3d 375, 378 (5th Cir. 2003).

Bates fails to address the district court's remaining reasons for dismissing his § 1983 complaint. Because he fails to identify any error in the district court's analysis, any argument is abandoned. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Bates has not shown that he will present a nonfrivolous issue on appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the motion for leave to proceed IFP is denied and the appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The dismissal of this appeal and the district court's dismissal as frivolous count as two strikes under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Bates has two previous strikes. *See Bates v. Hill*, No. 5:07-CV-00263 (N.D. Tex. Mar. 13, 2008); *Bates v. Hill*, No. 5:07-CV-00128-C (N.D. Tex. Aug. 13, 2007). Because Bates has now accumulated three strikes, he is barred from proceeding in forma pauperis in any civil action or

appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.