# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 19, 2010

Lyle W. Cayce
Clerk

No. 09-50891
Summary Calendar

JEFFREY T POPP,

Plaintiff-Appellant

v.

MCLENNAN COUNTY SHERIFF'S DEPARTMENT; AGRIPLEX TASK FORCE; JUDGE GEORGE ALLEN; MCLENNAN COUNTY D.A.'S OFFICE; SCOTT PETERSON; CHARLES MCDONALD; KAY SMITH,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:08-CV-332

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jeffrey T. Popp moves this court for authorization to proceed in forma pauperis (IFP) in this appeal from the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim. The district court dismissed Popp's complaint as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), as to defendants McLennan County Sheriff's Department, Agriplex Task Force,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Mclennan County D.A.'s Office, Scott Peterson, Charles McDonald, and Kay Smith. The district court further determined that judicial immunity barred Popp's claims against Texas Judge George Allen and it dismissed those claims as well. The district court denied Popp leave to proceed IFP on appeal and certified that his appeal was not taken in good faith for the reasons stated in the original dismissal. Popp's IFP motion is a challenge to the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); *Jackson v. Johnson*, 475 F.3d 261, 267 (5th Cir. 2007).

Popp does not address the district court's reasons for dismissing his § 1983 complaint. Because he fails to identify any error in the district court's analysis, any argument is abandoned. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Popp has not shown that he will present a nonfrivolous issue on appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the motion for leave to proceed IFP is denied and the appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The dismissal of the initial complaint as frivolous and for failure to state a claim and the dismissal of this appeal as frivolous each count as one strike under 28 U.S.C. § 1915(g). Popp is cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.