# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 12, 2010

Lyle W. Cayce
Clerk

No. 09-10863
Summary Calendar

ROBERT R. HENDERSON,

Petitioner-Appellant

v.

UNITED STATES DEPARTMENT
OF HEALTH AND HUMAN SERVICES,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:79-CV-1384

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Robert Henderson filed a petition against the Department of Health and Human Services (DHHS) in the district court seeking to recover benefits allegedly due him as a result of the favorable adjudication of his 1988 application for Social Security disability benefits. The district court denied Henderson relief because it lacked jurisdiction over the matter. The district court also denied

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Henderson leave to proceed in forma pauperis (IFP) after certifying that the appeal was not taken in good faith.

Henderson now moves this court for leave to proceed IFP on appeal. By doing so, Henderson is challenging the district court's certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). A movant seeking leave to proceed IFP on appeal must show that he is a pauper and that the appeal presents nonfrivolous issues. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). Henderson arguably has shown that he is economically eligible to proceed IFP. *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Our inquiry into whether an appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

A review of the record in this case reveals that Henderson filed applications for Social Security disability benefits in 1978 and 1979 based on pain in his right arm and shoulder and the amputation of two fingers on his right hand as the result of a childhood accident. DHHS determined that Henderson was not entitled to disability benefits. Henderson unsuccessfully sought judicial review in the underlying proceeding. The case concluded in 1981, when the Supreme Court denied Henderson's request for rehearing of the denial of his petition for a writ of certiorari. *See Henderson v. Schweiker*, 450 U.S. 985, *reh'g denied*, 451 U.S. 934 (1981).

In 1988, Henderson filed a new application for Social Security disability benefits alleging that he was disabled independently of his childhood injury. Henderson was awarded benefits as a result of the 1988 application. He now seeks relief, arguing that he has not been paid in accordance with the terms of the benefit award. Henderson offers no authority for the proposition that he is entitled to seek relief in the 1979 proceedings based on a determination in a

separate administrative proceeding. Henderson's allegations of bias are without merit. *See Liteky v. United States*, 510 U.S. 540, 555 (1994).

Henderson has not shown that his appeal will raise nonfrivolous issues regarding the district court's denial of his petition. The instant appeal is without arguable merit and is thus frivolous. Accordingly, Henderson's IFP motion is DENIED. *See Howard*, 707 F.2d at 219-20. His appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2; *Baugh*, 117 F.3d at 202 n.24.