# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60910

United States Court of Appeals
Fifth Circuit

**FILED**

October 15, 2014

Lyle W. Cayce
Clerk

LAVEAL MCGHEE,

Plaintiff-Appellant

v.

SUPERINTENDENT EMMITT L. SPARKMAN; E.R. MOODY; ALBERT FIRST; VICTORIA MCFARLAND,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:10-CV-139

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Laveal McGhee, Mississippi prisoner # 37135, filed a civil rights action complaining that he was compelled to do work in the prison processing plant that was not consistent with his Class III medical classification. He named as defendants Emmitt Sparkman, the Superintendent of the Mississippi Department of Corrections; E.R. Moody; Lieutenant Albert First; and corrections officers Victoria McFarland and Eric Ford, and he requested

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

injunctive relief and an award of punitive and compensatory damages.  After the claims against Sparkman, Moody, and Ford were dismissed, the district court granted the motion for summary judgment of First and McFarland, and it decertified McGhee's in forma pauperis (IFP) status.  McGhee has applied to this court for leave to proceed IFP in this appeal.  We have construed McGhee's motion for leave to proceed IFP as a challenge to the district court's determination that his appeal has not been brought in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

"[I]n certain circumstances, prison work conditions may amount to cruel and unusual punishment."  *Jackson v. Cain*, 864 F.2d 1235, 1245 (5th Cir. 1989).  When the type of work to which the prisoner is assigned has significantly worsened a prisoner's medically serious pathological condition, an Eighth Amendment violation is shown when the prisoner demonstrates that the work was "assigned with the knowledge of the condition and that it will be worsened thereby."  *Id.* at 1246 (internal quotation marks and quotation marks omitted).  The official's behavior must rise above mere negligence.  *Id.*

McGhee asserts that Lieutenant First was informed of his medical classification and that First and McFarland knew that McGhee's Medical Classification III made it improper for him to work in the processing plant.  By ordering him to work in the plant, McGhee contends, First caused him to suffer an asthma attack that could have caused his death.  He complains of the district court's failure to order injunctive relief.

Although the summary judgment evidence shows that First had reason to know of McGhee's Class III status, it does not reflect that either First or McFarland knew that the medical conditions that resulted in that classification would be significantly worsened by requiring McGhee to work in the processing plant.  *See id.*  Nor has McGhee presented evidence showing

No. 13-60910

that those medical conditions actually were significantly worsened as a result of the work assignment. *See id.* McGhee raises no issue with respect to the dismissal of his claims against Sparkman, Moody, or Ford. Accordingly, those claims are abandoned. *See Brinkmann v. Dallas Cnty. Dep. Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Because McGhee's claims fail on the merits, he is not entitled to injunctive relief. *See VRC LLC v. City of Dallas*, 460 F.3d 607, 611 (5th Cir. 2006). The motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED. *See Baugh*, 117 F.3d at 202; *Howard*, 707 F.2d at 220; 5TH CIR. R. 42.2.