# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-31278
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 12, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DENNIS H. JOHNSON,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:06-CR-98-1

Before DENNIS, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Dennis H. Johnson, federal prisoner # 04601-095, was convicted at trial of being a felon in possession of a firearm (Count I), possession of cocaine base with intent to distribute (Count II), and possession of a firearm in furtherance of a drug trafficking crime (Count III). He was sentenced to serve concurrent terms of 96 months of imprisonment on Counts I and II and a consecutive term of 60 months of imprisonment on Count III. In March 2012, the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

granted Johnson's 18 U.S.C. § 3582(c)(2) motion and reduced his total sentence by 18 months due to retroactive amendments to the sentencing guidelines related to penalties for crack cocaine. When Johnson was first sentenced, Count II (the cocaine offense) was the more substantial offense as between Counts I and II, because it resulted in an offense level of 22 while Count I resulted in an offense level of 20. After Johnson's sentence was reduced, Count I become the more substantial offense, as it remained at level 20, while Count II decreased to level 16. Now, Johnson moves this court for authorization to proceed in forma pauperis (IFP) in this appeal from the district court's denial of his motion for reconsideration of the order denying his second § 3582(c)(2) motion.

Johnson argues that he is entitled to a further reduction to his sentence on Count II as a result of additional reductions in penalties regarding crack cocaine. The district court denied Johnson's second § 3582(c)(2) motion and his subsequent motion for reconsideration. The district court explained that, following his reduction of sentence on Count II, Johnson's current sentence is controlled by his 78-month sentence on Count I and his consecutive 60-month sentence on Count III. Since his sentences on Counts I and II run concurrently, and since Count I is now the more substantial offense of the two (due to having a higher offense level), any further reduction in his sentence on Count II would not affect his ultimate sentence. When Johnson moved for leave to proceed on appeal with IFP status, the district court denied the motion as not taken in good faith and frivolous. *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.").

Where the appropriateness of IFP status and the merits of the appeal are closely intertwined, we may simultaneously dispose of both the request for

No. 13-31278

IFP status and the appeal itself. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997). Because the two charges controlling Johnson's sentence are currently the firearm charges (Counts I and III), any decrease in his sentence on Count II would have no impact on his ultimate sentence. Johnson's statements to the contrary are wholly meritless. Accordingly, the appeal is DISMISSED as frivolous and Johnson's IFP motion is DENIED. *See id.*; 5TH CIR. R. 42.2.