# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30247

United States Court of Appeals
Fifth Circuit

**FILED**

April 28, 2017

Lyle W. Cayce
Clerk

DERLON CRAIN,

Plaintiff-Appellant

v.

STATE HEALTH & HOSPITAL DEPARTMENT; JOHN FORD; OLIVIA WATKINS HWANG,

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:15-CV-580

Before OWEN, ELROD, and COSTA, Circuit Judges.

PER CURIAM:[*]

Derlon Crain, Louisiana prisoner # 91405, proceeding pro se and in forma pauperis (IFP), filed a 42 U.S.C. § 1983 complaint against the Louisiana Department of Health and Hospitals (Department), the Department's executive director John Ford, and the Department's spokesperson Olivia Watkins Hwang. He generally alleged that the defendants' malfeasance and negligence in monitoring the health of incoming inmates at the Calcasieu

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30247

Parish Jail caused him to contract tuberculosis. The district court agreed with the magistrate judge that the claim against the Department was barred by Eleventh Amendment immunity and that Crain had failed to allege any direct or personal involvement in the events underlying Crain's complaint. Accordingly, the district court dismissed the complaint as frivolous and for failure to state a claim and denied Crain leave to proceed IFP on appeal, certifying that Crain's appeal was not taken in good faith. Crain now seeks leave to proceed IFP on appeal.

By moving for leave to proceed IFP, Crain is challenging the district court's IFP certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Crain does not address the district court's basis for dismissing his § 1983 complaint. Rather, he merely contends that he is indigent, that the district court's dismissal was wrong, and that if afforded the opportunity, he could provide evidence in support of his complaint.

When an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that judgment. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). By failing to address the basis for the dismissal of his § 1983 complaint, Crain has abandoned the issue on appeal. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

Crain has not shown that his "appeal involves legal points arguable on their merits." *See Howard*, 707 F.2d at 219. Accordingly, Crain's motion for

2

No. 16-30247

IFP status is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24.