# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11596
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 30, 2018

Lyle W. Cayce
Clerk

LOU TYLER,

Plaintiff-Appellant

v.

OCWEN LOAN SERVICING, L.L.C.; DEUTSCHE BANK,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CV-2452

Before PRADO, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:*

Lou Tyler moves this court for leave to proceed in forma pauperis (IFP) in her appeal of the district court's dismissal of her civil action against Ocwen Loan Servicing, L.L.C., and Deutsche Bank.  Tyler's motion is a challenge to the district court's determination that her appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11596

Before this court, Tyler asserts that foreclosure on her property would be improper because the defendants are barred from enforcing their interest by the statute of limitations and that the defendants have engaged in a variety of wrongdoings. By merely asserting claims, Tyler fails to address the district court's certification that her appeal was not taken in good faith and the district court's reasons for its certification decision. *See Baugh*, 117 F.3d at 202. In particular, Tyler does not factually or legally challenge the district court's determination that Tyler's civil action that is based on the "show-me-the-note" theory is meritless.

Pro se briefs are afforded liberal construction. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Nevertheless, when an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that issue. *See Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Because Tyler has failed to challenge the certification that her appeal is not taken in good faith and the reasons for such a certification, she has abandoned the critical issue of her appeal. *Id.* Thus, the appeal lacks arguable merit and is frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, Tyler's motion for leave to proceed IFP is DENIED, and her appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. Further, Tyler is CAUTIONED that future frivolous or repetitive filings in this court will result in the imposition of sanctions, including dismissal, monetary sanctions, and restrictions on her ability to file pleadings in this court or any court subject to this court's jurisdiction.