# United States Court of Appeals for the Fifth Circuit

No. 22-60136
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 21, 2022

Lyle W. Cayce
Clerk

Russell Allen,

*Petitioner—Appellant*,

*versus*

Walter Vereen, *Warden, Federal Correctional Institution Yazoo City*,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:21-CV-628

Before King, Jones, and Smith, *Circuit Judges*.

Per Curiam:*

Russell Allen, federal inmate # 74365-053, seeks to proceed in forma pauperis (IFP) in this appeal from the denial of his 28 U.S.C. § 2241 petition. In doing so, he challenges the district court's certification that the appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997);

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

28 U.S.C. § 1915(a)(3).  The good faith inquiry looks to whether the appeal involves legal points arguable on the merits, that is, not frivolous.  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

Allen's § 2241 petition attacks his conviction of racketeering, which he previously challenged without success under 28 U.S.C. § 2255.  To attack a conviction or sentence under § 2241, a federal prisoner must satisfy the savings clause of § 2255(e) by showing the inadequacy or ineffectiveness of the § 2255 remedy.  *Reyes-Requena v. United States*, 243 F.3d 893, 900-01 (5th Cir. 2001).  A prisoner makes this showing if he demonstrates that his petition raises a claim previously foreclosed by circuit law and based on a retroactively applicable Supreme Court decision that establishes he may have been convicted of a nonexistent offense.  *Id.* at 904.

In Allen's view, the savings-clause test does not apply here because he is asserting actual innocence.  But the cases he cites do not establish, and this court has not held, that innocence provides an independent gateway for review of claims presented in a § 2241 petition.  *See Schlup v. Delo*, 513 U.S. 298, 315 (1995); *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).  In addition, Allen does not suggest that he can make the showing required under the savings clause.  *See Reyes-Requena*, 243 F.3d at 904.

Accordingly, Allen fails to demonstrate that his appeal involves legal points of arguable merit.  *See Howard*, 707 F.2d at 220.  Accordingly, his motion to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous.  *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.