# United States Court of Appeals
# for the Fifth Circuit

No. 22-10843
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
December 30, 2022

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Ryan Keith Fields,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:01-CR-127-1

Before Stewart, Dennis, and Willett, *Circuit Judges*.

Per Curiam:*

Ryan Keith Fields, federal prisoner # 27957-177, moves for leave to proceed in forma pauperis (IFP) on appeal from the denial of his motion for reduction of sentence, filed pursuant to section 404 of the First Step Act of 2018. The district court denied the motion on remand after this court

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-10843

vacated the district court's first order because the district court had erroneously found that Fields was ineligible for the reduction.

Fields argues that the district court acted vindictively and violated his right to due process and the Universal Declaration of Human Rights when it failed to exercise its discretion to reduce his sentence. He contends that the district court should have first considered his guidelines range, which he erroneously contends would be reduced under the First Step Act, and conducted a thorough, renewed 18 U.S.C. § 3553(a) analysis before denying relief.

The record as a whole indicates that the district court considered Fields's motion and had a reasoned basis for its discretionary decision. *See Concepcion v. United States*, 142 S. Ct. 2389, 2404 (2022); *United States v. Batiste*, 980 F.3d 466, 478-79 (5th Cir. 2020); *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1966-67 (2018). Accordingly, Fields's arguments lack arguable merit, and thus he fails to raise a nonfrivolous issue for appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

Accordingly, we DISMISS the appeal as frivolous and DENY the motion to proceed IFP on appeal. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); 5TH CIR. R. 42.2.