# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 17, 2025

Lyle W. Cayce
Clerk

No. 24-50649

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOSE LEON GONZALEZ-LONGORIA,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:92-CR-65-1

_____

Before SOUTHWICK, WILLETT, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

Jose Leon Gonzalez-Longoria, federal prisoner # 59761-079, seeks to proceed in forma pauperis (IFP) on appeal from the district court's denial of his motion for compassionate release, filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), and its denial of his motion to alter or amend judgment. He is currently serving an aggregate term of life imprisonment for his convictions of drug trafficking and money laundering offenses.

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-50649

In his IFP pleadings, Gonzalez-Longoria challenges the district court's determination that he failed to demonstrate extraordinary and compelling reasons in support of a sentence reduction based on intervening changes in the law, which he argues would have altered the sentence imposed. Additionally, he contends that the Government's initial reliance on incorrect presentence report (PSR) information, which was subsequently corrected to comport with the sentencing transcript, caused the district court judge to be biased. He also disputes the district court's factual findings in its 18 U.S.C. § 3553(a) analysis regarding the number of participants he supervised and his accountability for seized firearms.

The record reflects that the district court relied on and explicitly considered the record, as corrected, and the relevant § 3553(a) factors and determined that those factors weighed against granting a sentence reduction in favor of Gonzalez-Longoria. In particular, the district court considered the nature and circumstances of the offense; Gonzalez-Longoria's history and characteristics; the need for the sentence to adequately reflect the seriousness of the offense, promote respect for the law, provide just punishment, and adequately deter criminal conduct; and the lack of a need to provide Gonzalez-Longoria with needed medical care. *See* 18 U.S.C. § 3553(a)(1), (2). Although Gonzalez-Longoria also argues that there was judicial bias, there is no indication in the district court's decision that the information in question was considered. Moreover, any disagreement by Gonzalez-Longoria with the district court's balancing of the § 3553(a) factors is insufficient to show an abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020). Because Gonzalez-Longoria fails to identify a nonfrivolous argument that the district court relied on an incorrect assessment of the evidence or abused its discretion by denying relief based on its balancing of the § 3553(a) factors, we need not consider his arguments

2

No. 24-50649

regarding extraordinary and compelling reasons.  *See United States v. Rollins*, 53 F.4th 353, 358 (5th Cir. 2022); *Chambliss*, 948 F.3d at 693-94.

Accordingly, his motion to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous.  *See Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.  Gonzalez-Longoria's motion to reassign the case to a different venue and judge on remand is DENIED as moot.