# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 22, 2025

Lyle W. Cayce
Clerk

No. 24-10941

United States of America,

*Plaintiff—Appellee*,

*versus*

Edmond Wright,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:06-CR-252-1

_____

Before Southwick, Willett, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Edmond Wright, federal prisoner # 30180-077, moves for leave to proceed in forma pauperis (IFP) in his appeal from the district court's denial of his third motion for compassionate release, filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

In his pro se brief, Wright argues that the district court abused its discretion by failing to consider the changed circumstances that warrant a

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

sentence reduction. He emphasizes the deterioration in his mother's health and devotes most of his brief to the issue whether the district court erred in determining that he had not shown extraordinary and compelling reasons warranting compassionate release. He contends that, following an amendment to U.S.S.G. § 1B1.13, p.s., he can demonstrate extraordinary and compelling reasons based on the incapacitation of his mother because he is her only available caregiver. *See* § 1B1.13(b)(3)(C). Wright also argues that, in view of his efforts toward rehabilitation and the likelihood that he would receive a lesser sentence if he were sentenced today, the district court improperly balanced the 18 U.S.C. § 3553(a) factors. He asserts that a reduction to a sentence of time served would be sufficient, but not greater than necessary, to serve the sentencing objectives of § 3553(a)(1).

The record reflects that the district court judge, who had presided over Wright's case from the trial stage, considered the § 3553(a) factors and determined that they weighed against granting a sentence reduction. Wright's contentions as to the § 3553(a) factors amount to nothing more than a disagreement with the district court's weighing of the sentencing factors, and as such they do not provide a basis for determining that the district court abused its discretion in denying the compassionate release motion. *See United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2000). Because Wright fails to identify a nonfrivolous argument that the district court abused its discretion by denying relief based on the balancing of the § 3553(a) factors, we need not consider his arguments regarding extraordinary and compelling reasons. *See United States v. Rollins*, 53 F.4th 353, 358 (5th Cir. 2022).

Accordingly, Wright's motion to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.