# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 13, 2025

Lyle W. Cayce
Clerk

No. 25-10852
Summary Calendar

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Derrick Daeyon Murrell,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CR-244-1

———————————————————

Before Graves, Ho, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Derrick Daeyon Murrell, federal prisoner # 06561-509, seeks to proceed in forma pauperis ("IFP") on appeal from the district court's denial of his motion for compassionate release, filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The district court determined that (i) Murrell had not demonstrated extraordinary and compelling reasons for his compassionate

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

release; (ii) to the extent that Murrell challenged the legality and duration of his sentence, such a challenge was not cognizable under § 3582(c)(1); and (iii) the 18 U.S.C. § 3553(a) factors weighed heavily against Murrell's compassionate release.

To proceed IFP, Murrell must demonstrate financial eligibility and the existence of any nonfrivolous appellate issue. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982); Fed. R. App. P. 24(a)(1), (5). Because the inmate trust account statement attached to Murrell's IFP motion indicates that he has a balance of $2,345.30, he has not shown that he would be unable to pay the $605 filing fee without undue hardship or deprivation of the necessities of life. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

Moreover, Murrell has not presented a nonfrivolous issue for appeal. *See Carson*, 689 F.2d at 586; Fed. R. App. P. 24(a)(1)(C). In his appellate brief, he argues that extraordinary and compelling circumstances warrant his early release. He also asserts that (i) due to the length of his imprisonment, his rehabilitation, and his remorse, deterrence and public protection are "no longer strong § 3553(a) factors weighing in favor of continued detention"; and (ii) a reduced 92-month sentence would account for the § 3553(a) factors involving "deterrence, protection of the public, and respect for the law." As he does not challenge the district court's determination that any challenge to the legality and duration of his sentence was not cognizable under § 3582(c)(1), he has abandoned this issue. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

The record reflects that the district court judge, who was also the sentencing judge, explicitly considered the § 3553(a) factors involving the nature and circumstances of the offense, Murrell's criminal history, and the need for the sentence imposed to reflect the seriousness of the offense, to

provide just punishment, to deter criminal conduct, and to protect the public from Murrell's further crimes. *See* 18 U.S.C. § 3553(a)(1), (2)(A)–(C). Murrell's disagreement with the district court's weighing of the § 3553(a) factors is not a sufficient basis for determining that the district court abused its discretion. *See United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020). Because Murrell fails to identify a nonfrivolous argument that the district court abused its discretion by denying relief based on its balancing of the § 3553(a) factors, we need not consider his arguments regarding extraordinary and compelling reasons. *See United States v. Rollins*, 53 F.4th 353, 358 (5th Cir. 2022); *Chambliss*, 948 F.3d at 693-94.

Accordingly, Murrell's motion to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.