# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 1, 2010

No. 10-30377
Summary Calendar

Lyle W. Cayce
Clerk

JESSE LANGSTON,

Plaintiff-Appellant

v.

JAMES M. LEBLANC, Secretary of the Department of Public Safety and
Corrections (DOC); N. BURL CAIN, Warden of the Louisiana State Penitentiary
(LSP); TREY PORET, Assistant Warden; UNKNOWN WHITAKER, Captain;
DONNELL SULLIVAN, Captain; SAMANTHA ANGELLE, Lieutenant; TRENT
BARTON, Major; DAVID KELONE, Lieutenant, Colonel; CASSANDRA
TEMPLE, Major; DAVID DUNCAN, Sergeant; EARNEST GRIFFIN, Sergeant;
UNKNOWN PIAZZA, Master/Sergeant; UNKNOWN POLYGRAPH
EXAMINER; RANDOLPH BEAUBOUEF, Captain,

Defendants-Appellees

Appeal from the United States District Court
for the Middle  District of Louisiana
USDC No. 3:09-CV-812

Before KING, BENAVIDES, and ELROD, Circuit Judgs.

PER CURIAM:*

Jesse Langston, Louisiana prisoner # 501703, has filed a motion for leave
to proceed in forma pauperis (IFP) on appeal.  The district court dismissed

---

*Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Langston's 42 U.S.C. § 1983 complaint as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The district court denied Langston's motion for leave to proceed IFP on appeal and certified, for the reasons stated in the magistrate judge's report, that the appeal was not taken in good faith. By moving for leave to proceed IFP on appeal, Langston is challenging the district court's certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Langston's IFP motion addresses only his indigence. He does not brief any argument regarding the dismissal of his § 1983 complaint or the reasons for the district court's certification decision. Failure to identify any error in the district court's analysis is the same as if the appellant had not appealed the judgment. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Although pro se briefs are liberally construed, even pro se litigants must brief arguments in order to preserve them. *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

Langston has not shown that the district court's certification that an appeal would not be taken in good faith was incorrect. The instant appeal is therefore without arguable merit and frivolous. Accordingly, Langston's request for IFP status is denied, and his appeal is dismissed. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. Langston is cautioned that the dismissal of his § 1983 suit by the district court pursuant to § 1915(e)(2)(B)(i) and our dismissal of this appeal as frivolous both count as strikes under § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 385-87 (5th Cir. 1996). Langston is also cautioned that if he accumulates three strikes under § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.