# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
January 31, 2014

Lyle W. Cayce
Clerk

No. 13-10318

ANTONIUS HEIJNEN,

Plaintiff-Appellant

v.

GUADALUPE VILLARREAL, SIS Captain; PHILLIP VALDEZ, Associate Warden EDC; CORRECTIONS CORPORATION OF AMERICA,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:12-CV-36

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Antonius Heijnen, federal prisoner # 21755-051, filed a purported 42 U.S.C. § 1983 action against the Corrections Corporation of America, and two of its employees. He alleged that he was subjected to racial discrimination by being disciplined for running an unauthorized legal-services business while Hispanic prisoners were allowed to run businesses. Heijnen consented to have the case decided by a magistrate judge, who conducted an evidentiary hearing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and dismissed the action as frivolous.  The magistrate judge denied Heijnen's motion for leave to appeal in forma pauperis (IFP) and certified that the appeal was not in good faith.

By moving to proceed IFP, Heijnen challenges the certification that his appeal is not in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  His IFP request "must be directed solely to the trial court's reasons for the certification decision," *id.*, and our inquiry "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  We may dismiss a frivolous appeal.  *Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

Heijnen presents no argument about the merits of his claims but merely says that he has been discriminated against and that discrimination is ground for a § 1983 action.  By failing to address the magistrate judge's reasons for dismissing his claims, it is as if Heijnen has not appealed the judgment.  *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987)).  Accordingly, he has not shown that his appeal has any arguable merit. *See Howard*, 707 F.2d at 220.  The magistrate judge did not address whether a private prison and its employees were subject to being sued by a federal prisoner under § 1983 or *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  *Cf. Minneci v. Pollard*, 132 S. Ct. 617, 623-26 (2012) (discussing these issues).  But because Heijnen has failed to address any issue relevant to his appeal, we need not consider whether there are other reasons for dismissing his action.

The IFP motion is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.