# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20719
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 8, 2015

Lyle W. Cayce
Clerk

USMAN BANKOLE SANNI-SHITTU,

Petitioner-Appellant

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL; JEH CHARLES JOHNSON, SECRETARY, DEPARTMENT OF HOMELAND SECURITY; KENNETH LANDGREBE; WARDEN R. LACI,

Respondents-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-1057

Before HIGGINBOTHAM, SMITH, and OWEN, Circuit Judges.

PER CURIAM:[*]

Usman Bankole Sanni-Shittu requests permission to proceed in forma pauperis (IFP) in his appeal from the district court's grant of summary judgment for the appellees on his 28 U.S.C. § 2241 petition, wherein he challenged his continued detention beyond the presumptively reasonable six-month period following a final order of removal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20719

A movant seeking leave to proceed IFP on appeal must show that he is a pauper and that the appeal is taken in good faith, i.e., that the appeal presents nonfrivolous issues. *Carson v. Polley,* 689 F.2d 562, 586 (5th Cir. 1982). If the appeal is frivolous, this court may dismiss it sua sponte. *Baugh v. Taylor,* 117 F.3d 197, 202 & n.24 (5th Cir. 1997); 5TH CIR. R. 42.2. This court reviews a grant of summary judgment de novo, applying the same standard as the district court. *Nickell v. Beau View of Biloxi, L.L.C.,* 636 F.3d 752, 754 (5th Cir. 2011); FED. R. CIV. P. 56(a).

The record establishes that Sanni-Shittu conspired or acted to prevent his removal. *See* 8 U.S.C. § 1231(a)(1)(C). The Government presented evidence showing that the Nigerian Consulate was in the process of preparing travel documents, but a few weeks before his scheduled removal, Sanni-Shittu notified the consulate that he would be filing a § 2241 petition. Because the Nigerian Consulate will not issue travel documents if an alien has pending litigation, and because he has failed to request the issuance of travel documents directly, Sanni-Shittu has acted to prevent his removal. *See* § 1231(a)(1)(C). Sanni-Shittu also has failed to show that, under the circumstances, his continued detention violates his constitutional rights or that "there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas v. Davis,* 533 U.S. 678, 701 (2001).

Accordingly, Sanni-Shittu's motion to proceed IFP on appeal is DENIED and his appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2. His motion for leave to file a supplemental appellate brief also is DENIED.