# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10790
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 30, 2016

Lyle W. Cayce
Clerk

THEO SMITH,

Plaintiff-Appellant

v.

HSBC BANK; GHANA COMMERCIAL BANK,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CV-94

Before OWEN, ELROD, and COSTA, Circuit Judges.

PER CURIAM:[*]

Theo Smith moves for leave to proceed in forma pauperis (IFP) to appeal the district court's dismissal of his complaint against HSBC Bank (HSBC) and Ghana Commercial Bank (GCB).  By moving for leave to proceed IFP in this court, Smith is challenging the district court's certification that his appeal will not be taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  This court must determine whether Smith has raised any "legal points

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10790

arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

With respect to GCB, the district court determined that Smith's complaint violated another court's order enjoining Smith from filing a lawsuit against GCB without prior authorization, and it determined that it lacked personal jurisdiction over GCB. The following determinations formed the basis for the district court's dismissal of Smith's complaint against HSBC. Smith, as a private party, had no standing to bring a claim for criminal conspiracy under the Texas Penal Code. Nor did any private right of action exist for violations of the National Bank Act. Smith failed to allege a plausible claim for relief under two treaties because he did not adequately identify the treaties or show that they created a cause of action. The district court also denied Smith leave to amend his complaint to include claims of civil conspiracy, intentional infliction of emotional distress, and a new treaty claim, reasoning that the proposed amended complaint would not survive a motion to dismiss and would therefore be futile.

After reviewing Smith's IFP motion and the record before us, we conclude that Smith has not demonstrated that he will raise a nonfrivolous issue on appeal, *see Howard*, 707 F.2d at 220, and his motion to proceed IFP is DENIED. Because his appeal is frivolous, it is DISMISSED. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

The district court dismissed Smith's complaint against GCB with prejudice; however, because the complaint was dismissed for lack of jurisdiction, it should have been dismissed without prejudice. *Guidry v. U.S. Tobacco Co.*, 188 F.3d 619, 623 n.2 (5th Cir. 1999). Accordingly, the dismissal of Smith's complaint against GCB is MODIFIED from "with prejudice" to "without prejudice."

2