# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 5, 2025

Lyle W. Cayce
Clerk

No. 25-60113
Summary Calendar

———————————

Katie Young,

*Plaintiff—Appellant*,

*versus*

NHE, Incorporated,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:24-CV-10

———————————————————————

Before Elrod, *Chief Judge*, and Jones and Higginson, *Circuit Judges*.

Per Curiam:[*]

Katie Young moves for leave to proceed *in forma pauperis* (IFP) on appeal from the district court's dismissal of her employment discrimination complaint and its denial of her postjudgment motion. She also moves for appointment of counsel. To proceed IFP on appeal, Young must

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

demonstrate that she is a pauper and that she will raise a nonfrivolous issue on appeal. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).

Her brief identifies no error in the district court's rulings and contains no substantive arguments as to why her appeal is not frivolous. She has therefore abandoned any such arguments. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Insofar as Young attempts to argue that NHE violated her First Amendment rights or that she is entitled to equitable tolling of the time period to file a charge with the Equal Employment Opportunity Commission, we will not consider these arguments because she raised them for the first time on appeal. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

Accordingly, Young's motion for leave to appeal IFP is DENIED; the motion to appoint counsel is DENIED; and the appeal is DISMISSED AS FRIVOLOUS. *See Carson*, 689 F.2d at 586; *Gonzalez v. Carlin*, 907 F.2d 573, 580 (5th Cir. 1990); 42 U.S.C. § 2000e-5(f)(1); 5TH CIR. R. 42.2.

The district court dismissed Young's complaint against NHE with prejudice; however, because the complaint was dismissed for failure to exhaust administrative remedies, it should have been dismissed without prejudice. *See, e.g.*, *Stroy v. Gibson*, 896 F.3d 693, 698 & n.2 (5th Cir. 2018) (noting that dismissal for filing case prior to EEOC adjudicating charge should be without prejudice). Accordingly, the dismissal of Young's complaint is MODIFIED from "with prejudice" to "without prejudice." *See Smith v. HSBC Bank*, 669 F. App'x 224, 225 (5th Cir. 2016).