# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11123

United States Court of Appeals
Fifth Circuit

**FILED**
June 7, 2017

Lyle W. Cayce
Clerk

BILLY FRANK HALE,

Plaintiff-Appellant

v.

BRYAN COLLIER; MAJOR RICHARD WATHEN; TOMMY NORWOOD; FRANKIE HAYNES; JOSEPH EASTRIDGE,

Defendants-Appellees

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 7:16-CV-19

Before JOLLY, DAVIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Billy Frank Hale, Texas prisoner # 693364 filed a state court complaint alleging that several defendants employed by the Texas Department of Criminal Justice failed to provide proper medical care for a back injury Hale suffered while working. The defendants removed the case to federal court, under 28 U.S.C. § 1331 and then moved to dismiss the action for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Without discussing the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

defendants' motions to dismiss, the district court dismissed the case on the ground that Hale was barred from proceeding in forma pauperis (IFP) in federal court under the three strikes bar of 28 U.S.C. § 1915(g).  The court also denied Hale leave to appeal IFP and certified that the appeal was not in good faith.

By now moving this court for leave to appeal IFP, Hale challenges the certification that his appeal is not in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  His IFP request "must be directed solely to the trial court's reasons for the certification decision." *Id.*

Under the so-called three strikes bar, a prisoner may not proceed IFP in a civil action, or appeal a civil judgment, if he has, on three or more prior occasions while incarcerated, "brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted unless [he] is under imminent danger of serious physical injury."  § 1915(g).

The district court's determination that Hale has three strikes under § 1915(g) was based in part on a strike given in *Hale v. Williams*, No. 4:95-CV-5021 (S.D. Tex. Sep. 14, 1998), in which some claims were dismissed for failure to state a claim, while others were dismissed on summary judgment.  At the time of the judgment, unpublished authority supported giving a strike when only some claims were dismissed under § 1915(g).  However, after this appeal was lodged, we held that "a strike does not issue when only some claims are dismissed on section 1915(g) grounds." *Brown v. Megg*, __F.3d__, 2017 WL 2057249, *1 (5th Cir. May 15, 2017).  A claim dismissed on summary judgment should not be awarded a strike because it is "not dismissed on the grounds that it is frivolous, malicious, or fails to state a claim." *Id.* at *4 (internal quotation marks and citation omitted).  Accordingly, the dismissal in No. 4:95-CV-5021

No. 16-11123

should not have been counted as a strike. The district court counted only two other strikes, and we have discovered no other rulings against Hale that would count as a third strike. The dismissal based on the § 1915(g) bar was therefore incorrect

Accordingly, the motion for leave to proceed IFP on appeal is GRANTED. The district court's judgment is VACATED, and the case is REMANDED for further consideration consistent with this opinion. Hale's motion for a stay, injunction, or temporary restraining order pending appeal is DENIED.