# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-40362

United States Court of Appeals
Fifth Circuit

**FILED**

December 3, 2019

Lyle W. Cayce
Clerk

DAVID LESTER GROHOSKE,

Plaintiff-Appellant

v.

LONI FONTNER; JANE DOE, Nurse; SERGEANT CUNNINGHAM; LIEUTENANT ENGE; MONICELA RENDON,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:17-CV-218

Before DENNIS, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

David Lester Grohoske, Texas prisoner # 1838849, moves for leave to proceed in forma pauperis (IFP) in this appeal from the district court's dismissal of his 42 U.S.C. § 1983 complaint raising claims of rape, torture, and various forms of persecution. The district court dismissed his claims with prejudice as frivolous and for failure to state a claim. The district court, for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the same reasons, denied Grohoske permission to appeal IFP, certifying that the appeal was not taken in good faith.

By moving to proceed IFP, Grohoske is challenging the district court's certification that this appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

Grohoske fails to challenge the basis of the district court's ruling. Instead, he alleges that he is the victim of identity theft, terrorism, hostage taking, and "other acts against God of Abraham, Issac & Jacob, Christ, Spirit." He also contends that he suffers from a back condition and that he learned devices or substances had been implanted to overcome his spirit, mind, and body functions.

Because Grohoske fails to adequately brief any relevant issues, they are abandoned. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999).  He has failed to show that his "appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard*, 707 F.2d at 220.  Accordingly, his motion for leave to proceed IFP on appeal is denied, and the appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

The dismissal of Grohoske's complaint by the district court as frivolous and for failure to state a claim and the dismissal of this appeal as frivolous count as strikes under 28 U.S.C. § 1915(g). *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015).  Grohoske has two previous strikes. *Grohoske v. Godwin*, No. 1:16-CV-886 (W.D. Tex. Jan. 13, 2017); *Grohoske v. Hines*, No. 6:14-CV-762 (E.D. Tex. Apr. 20, 2016).  He has now accumulated three strikes; therefore, he is barred from proceeding IFP in any civil action or appeal filed

No. 19-40362

while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

APPEAL DISMISSED; IFP MOTION DENIED; § 1915(g) BAR IMPOSED.