# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 30, 2020

Lyle W. Cayce
Clerk

No. 20-10427
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Robert Lynn Bell,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:93-CR-302-1

Before Stewart, Graves, and Higginson, *Circuit Judges.*

Per Curiam:*

Robert Lynn Bell, federal prisoner # 24923-077, moves this court for leave to proceed in forma pauperis (IFP) on appeal of the denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). We construe Bell's IFP motion as a challenge to the district court's certification that his

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

appeal was not taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into the good faith of the appeal "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

On the motion of either the Director of the Bureau of Prisons (BOP) or a prisoner, § 3582(c)(1)(A) permits a court to reduce the prisoner's term in prison after considering the applicable 18 U.S.C. § 3553(a) factors, if, inter alia, the court finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). Following the First Step Act of 2018, a prisoner may raise a § 3582(c)(1)(A) motion if he has exhausted his administrative rights to appeal the BOP's failure to bring such a motion or has waited 30 days after the warden's receipt of the request, whichever is earlier. *Id.*; *see* First Step Act of 2018, Pub. L. 115-391, § 603(b)(1), 132 Stat. 5194, 5239. Although it is not clear that Bell exhausted his administrative remedies before filing his § 3582(c)(1)(A) motion, his failure to do so does not deprive this court of jurisdiction. *See United States v. Franco*, ____ F.3d ____, No. 20-60473, 2020 WL 5249369, at *1 (5th Cir. Sept. 3, 2020). Accordingly, we address the merits of Bell's claims.

Bell contends that he is entitled to compassionate release under § 3582(c)(1)(A), based on the extraordinary and compelling reasons that his 240-month federal sentence—which was ordered to run consecutively to various state court sentences—is unduly long and because his guilty plea was not knowing and voluntary. Under the Sentencing Commission's policy statement at U.S.S.G. § 1B1.13, a court may modify a sentence if it determines that (1) there are "extraordinary and compelling reasons"; (2) "[t]he defendant is not a danger to the safety of any other person or to the

community, as provided in 18 U.S.C. § 3142(g); and (3) the reduction is consistent with [the § 1B1.13] policy statement." § 1B1.13, p.s. The commentary to § 1B1.13 provides a list of circumstances that constitute "extraordinary and compelling reasons." § 1B1.13, p.s., comment. (n.1(A)-(D)). Bell does not contend that he qualifies for any of the circumstances listed in the commentary, and, indeed, a reduction of his sentence based on his proffered reasons would not be consistent with the policy statements set forth in § 1B1.13. *See* § 3582(c)(1)(A)(i).

Given that Bell has failed to identify an extraordinary and compelling reason for compassionate release that "is consistent with applicable policy statements issued by the Sentencing Commission," § 3582(c)(1)(A)(i), he has not shown that his appeal presents a nonfrivolous issue, *see Howard*, 707 F.2d at 220. Accordingly, Bell's motion for leave to proceed IFP is DENIED. We further DISMISS his appeal sua sponte as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. We CAUTION Bell that frivolous, repetitive, or otherwise abusive filings may invite the imposition of sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction.