# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 18, 2021

Lyle W. Cayce
Clerk

No. 20-10301

Joseph Wayne Hunter,

*Plaintiff—Appellant*,

*versus*

Douglas Hugh Schopmeyer, *Attorney of Law*; Kathleen Walsh, *Public Defender*; Katherine A. Drew, *Public Defender*; Jennifer Bennett, *Judge*; Faith Johnson, *Dallas County District Attorney*; Gracie E. Shin, *Assistant District Attorney*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CV-1589

Before Stewart, Graves, and Higginson, *Circuit Judges*.
Per Curiam:*

Joseph Wayne Hunter, Texas prisoner # 1981619, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal from the district court's dismissal of his 42 U.S.C. § 1983 complaint pursuant to 28 U.S.C.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-10301

§§ 1915A and 1915(e)(2)(B). In his complaint, which Hunter was granted leave to amend on multiple occasions, Hunter alleged that his state trial counsel, a state court judge, a district attorney, an assistant district attorney, and others engaged in fraud and conspiracy and deprived him of various constitutional rights in connection with his underlying state court criminal proceedings, appeal, and postconviction proceedings. The district court denied Hunter's IFP motion and certified that the appeal was not taken in good faith.

By moving for IFP status, Hunter is challenging the district court's certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

The district court found that Hunter's conspiracy, fraud, and related claims against the state court judge were barred by judicial immunity and that his federal and state law claims against the district attorney and assistant district attorney were barred by prosecutorial immunity. Additionally, the district court found that Hunter's allegations against his trial counsel failed to state a claim for fraud or conspiracy, failed to show that counsel was acting under color of state law, and that his claims asserting violations of 18 U.S.C. §§ 241 and 242 were not cognizable because those criminal statutes did not create a private right of action. His claims against appellate counsel were dismissed because he did not establish that they were acting under color of state law.

In his IFP motion, Hunter does not adequately address the district court's reasons for dismissing his claims but simply restates the claims he raised in his various pleadings filed in the district court. Thus, Hunter has

No. 20-10301

effectively abandoned all available arguments for appeal.  *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  Because Hunter has otherwise failed to present any coherent nonfrivolous argument showing that he would be entitled to relief under § 1983 or any other statutory provision, *see Howard*, 707 F.2d at 220, his motion to proceed IFP on appeal is DENIED and his appeal is DISMISSED AS FRIVOLOUS.

The dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g).  *See Coleman v. Tollefson*, 575 U.S. 532, 535-39 (2015).  Hunter has previously received two strikes under 28 U.S.C. § 1915(g).  *See Hunter v. James*, 717 F. App'x 500, 501 (5th Cir. 2018); *Hunter v. Pitre*, 3:17-CV-1093 (N.D. Tex. July 2, 2020).  Because Hunter now has at least three strikes, he is BARRED from proceeding IFP in any civil action or appeal filed in a court of the United States while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).  He is WARNED that any pending or future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction may subject him to additional sanctions, and he is directed to review all pending matters and move to dismiss any that are frivolous, repetitive, or otherwise abusive.