# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 25, 2021

Lyle W. Cayce
Clerk

No. 20-40560

Demetrius Re'nee Kellum,

*Plaintiff—Appellant*,

*versus*

State of Texas; Jacob David Putman; D. Matt Bingham;
Christi Kennedy,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:20-CV-273

Before Elrod, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

Demetrius Re'nee Kellum, Texas prisoner # 1936979, moves this court for leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his 42 U.S.C. § 1983 complaint pursuant to 28 U.S.C. § 1915A because he asserted claims that were barred by *Heck v. Humphrey*, 512 U.S.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

477, 486-87 (1994), the Eleventh Amendment, and the doctrines of absolute judicial and prosecutorial immunity.  Kellum's IFP motion is a challenge to the district court's determination that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Before this court, Kellum argues that he should have been allowed to proceed without paying a filing fee because he had court appointed counsel during his state criminal proceedings and remains indigent and because the district court did not properly screen his complaint.  However, he fails to address the district court's certification that his appeal was not taken in good faith and the district court's reasons for its certification decision.  *See Baugh*, 117 F.3d at 202.  Pro se briefs are afforded liberal construction.  *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).  Nevertheless, when an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that issue.  *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  Because Kellum has failed to challenge the certification that his appeal is not taken in good faith and the reasons for such a certification, and consequently fails to address the judgment dismissing his § 1983 suit, he has abandoned the critical issue of his appeal.  *Id.*  Thus, his appeal lacks arguable merit and is frivolous.  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

Accordingly, Kellum's motion for leave to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous.  *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.