# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 3, 2021

Lyle W. Cayce
Clerk

No. 20-61100
Summary Calendar

Jermaine Alexander Ramsey,

*Plaintiff—Appellant*,

*versus*

Management Training & Corporation; Warden Patricia
Doty; Warden Harold Taylor; Kimberly Smith, *Case
Manager*; Sergeant Fields; Anderson, *Correction Officer*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:19-CV-6

Before Southwick, Graves, and Costa, *Circuit Judges*.
Per Curiam:*

Jermaine Alexander Ramsey, Mississippi prisoner # 108263, seeks
leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his
42 U.S.C. § 1983 civil rights complaint for failure to comply with an order to

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-61100

show cause. By moving to proceed IFP, Ramsey is challenging the certification that his appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into Ramsey's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

Although Ramsey challenges the dismissal with prejudice of his complaint, he fails to address his failure to comply with the show cause order to address the submission of apparently false and misleading documentation to support his § 1983 complaint. Accordingly, Ramsey has not addressed the reasons for the dismissal of his § 1983 complaint or the certification determination that his appeal is not taken in good faith. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). The appeal lacks arguable merit. *See Howard*, 707 F.2d at 220. Accordingly, Ramsey's IFP motion is DENIED, and the appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2; *Baugh*, 117 F.3d at 202 n.24.

Our dismissal of this appeal counts as a strike under 28 U.S.C. § 1915(g). *See Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Ramsey has two other strikes. *See Ramsey v. Mgmt. Training & Corp., MTC*, 829 F. App'x 693, 694 (5th Cir. 2020); *Ramsey v. Mgmt. Training & Corp., MTC*, 4:18-CV-195 (N.D. Miss. Mar. 4, 2019). Because Ramsey now has at least three strikes, he is BARRED from proceeding IFP in any civil action or appeal filed in a court of the United States while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g). He is WARNED that any pending or future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction may subject him to further sanctions, and he is directed to review all pending

2

No. 20-61100

matters and move to dismiss any that are frivolous, repetitive, or otherwise abusive.