# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 4, 2022

Lyle W. Cayce
Clerk

No. 21-50670
Summary Calendar

Robert Ray Roberts, Jr.,

*Plaintiff—Appellant*,

*versus*

Daniel Gonzales, *SAPD Supervisor #3251*; Jeanna Obermayr, *CPS Caseworker*; Monica Montoya, *CPS Investigator*; Cecilia Herrera, *CPS Supervisor*; David Bierman, *Detective SAPD #2334*,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:21-CV-174

---

Before Southwick, Graves, and Costa, *Circuit Judges*.

Per Curiam:*

Robert Ray Roberts, Jr., a pretrial detainee currently housed at the Bexar County Adult Detention Center, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal from the district court's dismissal of his

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-50670

42 U.S.C. § 1983 complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). Although his allegations are largely unintelligible, in his complaint and amended complaint, he appeared to allege that he was falsely arrested for sexual assault of a child after his home was searched without a warrant or consent and his children were removed from the home after various defendants perjured themselves in court proceedings and court documents. The district court denied Roberts's IFP motion and certified that the appeal was not taken in good faith.

By moving for IFP status, Roberts is challenging the district court's certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

The district court found that Roberts's complaint and amended complaints were vague and lacked coherence insofar as he failed to provide any intelligible explanation of the allegations giving rise to his claims and failed to state any legal basis for his claims. The district court also found that Roberts's claims against one defendant were insufficient because he failed to allege her personal involvement in any malfeasance and that his claims against various defendants failed because they were untimely.

In his IFP pleadings, Roberts does not meaningfully challenge the district court's reasons for the dismissal of his complaint. While he avers that he can provide details to support his claims, he fails to include in his submissions to this court any coherent discussion of the facts or allegations that give rise to his claims, much less state with any clarity the legal bases for his claims. Accordingly, Roberts has effectively abandoned all available arguments for appeal. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*,

813 F.2d 744, 748 (5th Cir. 1987). Because Roberts has failed to present any coherent nonfrivolous argument for appeal, *see Howard*, 707 F.2d at 220, his motion to proceed IFP on appeal is DENIED and his appeal is DISMISSED AS FRIVOLOUS.

The district court's dismissal of Roberts's complaint and our dismissal of this appeal count as strikes under 28 U.S.C. § 1915(g). *See Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Roberts is CAUTIONED that if he accumulates three strikes, he will not be allowed to proceed IFP in any civil action or appeal filed while he is detained or incarcerated in any facility unless he is under imminent danger of serious physical injury.