# United States Court of Appeals
# for the Fifth Circuit

_____

No. 23-10617
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
January 18, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Ronald George Whitehouse,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-364-9

_____

Before Haynes, Willett, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Ronald George Whitehouse, federal prisoner # 59483-177, moves for leave to proceed in forma pauperis (IFP) to appeal the district court's denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release.

In his brief on appeal, Whitehouse argues that he satisfied the 18 U.S.C. § 3553(a) factors by demonstrating his post-sentence rehabilitation,

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

his family and community involvement, and his consistent employment history. He also argues that his seizures following his previous COVID-19 infection, as well as his depression and anxiety, constitute extraordinary and compelling reasons for his release.

The record reflects that, after noting the scope of the offense, Whitehouse's criminal history, and the fact that Whitehouse's 224-month sentence was already below the guidelines range, the district court explicitly considered the § 3553(a) factors and determined that they weighed against granting compassionate release. Whitelaw's arguments challenging the district court's assessment of the § 3553(a) factors amount to no more than a disagreement with the district court's balancing of these factors, which is insufficient to show an abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020). Because Whitehouse has failed to demonstrate that there is a nonfrivolous issue that the district court abused its discretion by denying relief based on the § 3553(a) factors, we need not consider his arguments regarding extraordinary and compelling reasons. *See United States v. Rollins*, 53 F.4th 353, 358 (5th Cir. 2022); *Chambliss*, 948 F.3d at 693-94. Similarly, to the extent Whitehouse argues that his continued incarceration while suffering from debilitating health conditions constitutes cruel and unusual punishment in violation of the Eighth Amendment, we need not reach this argument, because the district court properly disposed of the compassionate release motion after considering the § 3553(a) factors. *See Chambliss*, 948 F.3d at 693-94.

Because Whitehouse fails to show that his appeal will raise a nonfrivolous issue, his motion to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.