# United States Court of Appeals
# for the Fifth Circuit

_____

No. 24-10443
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

March 10, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Roy Mata,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:05-CR-40-1

_____

Before Smith, Graves, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Roy Mata, federal prisoner # 17159-077, seeks to proceed in forma pauperis (IFP) on appeal from the order denying his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release. He contends that numerous reasons warrant relief: his age, health conditions (including obesity and diabetes), unusually long sentence, post-sentencing good

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

conduct and rehabilitative efforts, low risk of recidivism, the fact that he has served over 10 years of his sentence, nonretroactive changes to the laws under which he was sentenced, the disparities between his sentences and the sentences imposed upon similarly situated defendants, and the familial support he would receive upon his release. He additionally argues that the district court failed to consider those reasons in analyzing the 18 U.S.C. § 3553(a) factors or, if it did, to explain why the cited reasons did not warrant relief under § 3553(a).

Through his IFP motion, Mata challenges the district court's determination that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry, therefore, "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted). We need not consider whether Mata cited extraordinary and compelling reasons warranting compassionate release; for the following reasons, he fails to raise a nonfrivolous issue whether the district court abused its discretion by denying relief based upon its consideration of the § 3553(a) factors. *See United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022); *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020); *Howard*, 707 F.2d at 220.

The district court permissibly based its § 3553(a) determination both on the seriousness of Mata's offenses of conviction and his criminal history. *See* 18 U.S.C. § 3553(a)(1) and (2)(A) (instructing court to consider nature and circumstances of offense, history and characteristics of defendant, and need for sentence imposed to reflect seriousness of offense and provide just punishment). Mata's disagreement with the district court's assessment of the § 3553(a) factors does not provide a basis for holding that the court abused its discretion. *See Chambliss*, 948 F.3d at 694. Furthermore, the record shows that the district court sufficiently considered Mata's arguments

No. 24-10443

before concluding that the § 3553(a) factors weighed against granting compassionate release; the court was not required to explain its decision by making a "point-by-point rebuttal" of his arguments to the contrary. *Concepcion v. United States*, 597 U.S. 481, 502 (2022); *see also Chavez-Meza v. United States*, 585 U.S. 109, 116 (2018) (explaining that, in some cases, reasons for denial may be sufficient if district court "relied upon the record, while making clear that he or she has considered the parties' arguments and taken account of the § 3553(a) factors").

For the foregoing reasons, we DENY the IFP motion and DISMISS the appeal as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.