# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 23, 2025

Lyle W. Cayce
Clerk

————————

No. 24-40435

————————

Rogelio Regalado,

*Plaintiff—Appellant*,

*versus*

Hidalgo County; J.E. Eddie Guerra, *officially and individual capacity*; District Clerk Laura Hinojosa, *officially and individually*; Yvette Vidaurri, *officially and individually*,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:23-CV-290

———————————————————————

Before Stewart, Haynes, and Higginson, *Circuit Judges*.

Per Curiam:[*]

Rogelio Regalado moves for leave to proceed in forma pauperis (IFP) in this appeal of the district court's dismissal of his 42 U.S.C. § 1983 complaint and amended complaint, wherein he asserted a series of constitutional violations related to his short duration of detention at the Hidalgo County Detention Center, including claims that various defendants

———————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

denied him access to the courts and unlawfully imprisoned him after he posted bond. The motion is a challenge to the district court's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

In his IFP papers, Regalado contends that the district court erred in certifying that his appeal was not taken in good faith under the Prison Litigation Reform Act because he had been released from prison. However, the certification provision in 28 U.S.C. § 1915(a)(3) applies to suits brought by "prisoners and nonprisoners alike." *Baugh*, 117 F.3d at 200.[1] In any event, the district court recognized that Regalado was not in prison and denied Regalado IFP status based on Federal Rule of Appellate Procedure 24.

Regalado also argues that the district court abused its discretion in denying his motion for appointment of counsel. *See Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). However, in denying his motion, the district court found that Regalado's claims did not meet the threshold plausibility requirement. *See Naranjo v. Thompson*, 809 F.3d 793, 799 (5th Cir. 2015). Regalado does not challenge this finding or otherwise argue in his IFP papers that his claims had merit. Any such arguments are abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).

Otherwise, Regalado fails to address the district court's reasons for the dismissal of his complaints. Pro se briefs are afforded liberal construction. *See Yohey*, 985 F.2d at 225. Nevertheless, when an appellant fails to identify any error in the district court's analysis, it is the same as if the

---

[1] To the extent Regalado challenges the district court's application of the physical-injury requirement in 42 U.S.C. § 1997e(e), the district court's determination that none of Regalado's claims stated a plausible constitutional violation, which Regalado fails to contest, would foreclose his claims for damages regardless.

appellant had not appealed the decision. *Brinkmann v. Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Because Regalado has failed to meaningfully challenge the district court's disposition of his claims and dismissal of his complaints, he has abandoned the critical issue of his appeal. *See id.* Thus, the appeal lacks arguable merit. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. Regalado's motion for appointment of counsel is likewise DENIED.