# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 24-40590
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
December 4, 2025

Lyle W. Cayce
Clerk

Author J. Manning, Jr.,

*Plaintiff—Appellant*,

*versus*

Merrill Lynch Pierce Fenner & Smith, Incorporated,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:23-CV-475

———————————————————————

Before Graves, Ho, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Author J. Manning, Jr., seeks leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his civil complaint. He alleged that he was the original founder and owner of Merrill Lynch Bank, but the defendant acquired ownership of the bank and its assets through improper means. The district court granted the defendant's motion to dismiss pursuant to Federal

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-40590

Rule of Civil Procedure Rule 12(b)(6), concluding that Manning had failed to state a claim upon which relief may be granted because he had not alleged a valid claim for conversion under Texas law and that his claims were rebutted by the defendant's 1958 Certificate of Incorporation, which refuted Manning's allegations of ownership of the bank.

By moving to proceed IFP, Manning is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

In his brief before this court, Manning repeats his unsupported allegations that he is the original owner of the bank, that it was registered in his name, and that he created the intellectual property and trademarks. He contends that the defendant forged a fraudulent certificate of ownership, which it used to obtain mortgage loans, and he asks for return of the bank and its assets. These conclusional allegations are insufficient to show that Manning would raise a nonfrivolous claim for relief, in light of the defendant's evidence of incorporation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); Fed. R. Evid. 201(b)(2). Manning's failure to identify any error in the district court's analysis or to challenge the dismissal without providing him with an opportunity to amend his complaint renders those issues abandoned. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

The instant appeal is without arguable merit and is therefore frivolous. *See Howard*, 707 F.2d at 220. Accordingly, the IFP motion is DENIED, and the appeal is DISMISSED. *See Baugh*, 117 F.3d at 202 n.24; 5th Cir. R. 42.2.