# United States Court of Appeals
# for the Fifth Circuit

No. 25-11107
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 6, 2026

Lyle W. Cayce
Clerk

HUONG GILMER GIACCIO,

*Plaintiff—Appellant*,

*versus*

RAY DAVIS; TIM ROUGH; HECTOR ROMERO,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:24-CV-2469

Before SOUTHWICK, DUNCAN, and ENGELHARDT, *Circuit Judges*.
PER CURIAM:[*]

Huong Gilmer Giaccio, a pro se litigant, moves for leave to proceed in forma pauperis (IFP) in this appeal of the district court's dismissal without prejudice of her 42 U.S.C. § 1983 complaint after the court denied her application to proceed IFP in the district court and dismissed her case after she failed to pay the $405.00 filing fee. The motion is a challenge to the

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

district court's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Upon review of Giaccio's amended IFP application, the district court found that Giaccio had been receiving $3,000 per month from family, which was $559 more than the monthly expenses that she listed in her amended IFP application and reflected sufficient funds to pay the $405.00 in filing fees, even excluding the value of her other assets. *See Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 338-40 (1948). In her IFP motion, Giaccio argues that the financial support she receives from her family is occasional, inconsistent, not guaranteed, and unreliable. However, despite having ample opportunities to raise this argument in the district court, Giaccio failed to do so. Indeed, she continued to maintain, even after the judgment was entered, that she received $3,000 per month from her family without any qualifications. We do not consider this argument for the first time on appeal. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

Giaccio otherwise raises no nonfrivolous argument that the district court abused its discretion in denying her motion to proceed IFP. *See Green v. Estelle*, 649 F.2d 298, 302 (5th Cir. 1981). Accordingly, she can show no arguable error in the district court's dismissal of her case after she failed to pay the $405.00 in filing fees.

Based on the foregoing, the motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. Giaccio's motions for judicial notice and motion to supplement to record are also DENIED.