# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 23, 2026

Lyle W. Cayce
Clerk

No. 25-60672
Summary Calendar

———————————

Katie Young,

*Plaintiff—Appellant*,

*versus*

Mississippi Valley State University,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:25-CV-180

———————————————————————

Before Jones, Richman, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Katie Young, a pro se litigant, seeks leave to proceed in forma pauperis (IFP) to appeal the district court's judgement dismissing her complaint, wherein she alleged that Mississippi Valley State University (MVSU) violated her Fourteenth Amendment right to privacy when it requested a

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

copy of her academic transcript from Parchment, LLC (Parchment). The district court dismissed her complaint for failure to state a claim.

By moving in this court to proceed IFP, Young is challenging the district court's certification that her appeal was not taken in good faith. *See Baugh v. Taylor,* 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Citing *NASA v. Nelson*, 562 U.S. 134 (2011), and *Whalen v. Roe*, 429 U.S. 589 (1977), Young contends that the district court erred in dismissing her complaint because the Supreme Court has recognized an individual's Fourteenth Amendment privacy interests. However, she fails to meaningfully brief any argument that MVSU violated her Fourteenth Amendment right to privacy. Moreover, those decisions do not support such a conclusion. *See NASA*, 562 U.S. at 147-56; *Whalen*, 429 U.S. at 598-606. Additionally, she makes only a conclusory assertion that her academic transcript contains highly confidential information. *See Zaffuto v. City of Hammond*, 308 F.3d 485, 489-91 (5th Cir. 2002).

Young also contends that the district court erred in denying her request to amend her complaint. However, she has shown no abuse of discretion in that regard. *See McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 312 (5th Cir. 2012).

Based on the foregoing, we conclude that the appeal lacks arguable merit. *See Howard*, 707 F.2d at 220. Accordingly, the motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.