# United States Court of Appeals for the Fifth Circuit

———————

No. 25-50725

———————

United States Court of Appeals
Fifth Circuit

**FILED**

May 27, 2026

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

EUGENIO HERNANDEZ VILLA,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:99-CR-13-8

———————————————————————

Before GRAVES, HO, and DOUGLAS, *Circuit Judges*.

PER CURIAM:*

Eugenio Hernandez Villa, federal prisoner # 01208-180, seeks to proceed in forma pauperis (IFP) from the denial of his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). By moving for leave to proceed IFP, Hernandez Villa is challenging the district court's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

———————————————

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-50725

The district court determined that, even if Hernandez Villa had shown compelling or extraordinary reasons for a sentence reduction, he failed to demonstrate that he did not pose a danger to the safety of others and that the 18 U.S.C. § 3553(a) factors did not support an early release. It was not obligated to provide further reasoning to support the denial of Hernandez Villa's sixth motion seeking compassionate release. *See Concepcion v. United States*, 597 U.S. 481, 501 (2022); *Chavez-Meza v. United States*, 585 U.S. 109, 116 (2018). Moreover, the district court incorporated by reference its April 29, 2024 order denying Hernandez Villa's fourth § 3582(c)(1)(A)(i) motion for compassionate release, which provided a more detailed explanation of why the § 3553(a) sentencing factors did not warrant relief. Hernandez Villa's arguments amount to nothing more than disagreement with the district court's balancing of the § 3553(a) factors, which "is not a sufficient ground for reversal." *United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020); *see United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022).

As Hernandez Villa fails to demonstrate a nonfrivolous issue regarding whether the district court abused its discretion in denying his § 3582(c)(1)(A)(i) motion, *see Chambliss*, 948 F.3d at 693; *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983), his IFP motion is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5th Cir. R. 42.2.

2